SARAH E. McCLURE, plaintiff in error, vs. EDWIN P. WILLIAMS, administrator, defendant in error.

1. Complainant, as administrator, sold land ; the purchaser died without having paid for it ; complainant then, as administrator of the purchaser, again sold it, and the widow of the latter bought. She has never paid a dollar of the purchase money. The first sale took place before the abolishment of the vendor's lien, and the second after. No deeds were ever delivered:

   *Held*, that complainant was not entitled to recover the land as administrator of either estate for the purpose of again administering it. The land should be sold, and the proceeds applied, first, to the payment of the balance due the estate of the original owner, and, next, to the estate of the first purchaser, to be paid over to his widow on final settlement between her and complainant as his administrator.

2. On a bill filed by the administrator of the original owner to enforce the equitable lien of the estate represented by him, the complainant was a competent witness as to all matters except contracts between him and the deceased purchaser.

3. A bill filed by complainant against the heirs at law of the estate of such original owner for account and settlement, and the proceedings had thereon showing all the transactions in reference to said land, and that the first purchaser was largely indebted to him, and decreeing that if his estate was not sufficient to satisfy such indebtedness that the other heirs at law should contribute; if otherwise relevant, should not be excluded on the ground that the complainant was the administrator of both estates.

Equity. Administrators and Executors. Evidence. Witness. Before JASPER N. DORSEY, Esq., Judge *pro hac vice.* White Superior Court. October Term, 1876.

Williams, as administrator of Moses Horshaw, deceased, filed his bill against Mrs. McClure and others, making, in brief, the following case :

Complainant and Alonzo L. Horshaw were administrators upon the estate of Moses Horshaw, deceased, who was the father of the latter. They sold certain property of the estate. A. L. Horshaw bought a portion of it, consisting, in part, of lands and negroes, from the purchasers at the administrator's sale, and had himself substituted as debtor to the estate, instead of such purchasers. In 1862 he died, without having paid complainant for the property so purchased, or having, in any way, accounted to the estate therefor. He died intestate, leaving Sarah E. Horshaw (now Sarah E. McClure) his sole heir at law ; and complainant was appointed administrator upon his estate. During the years 1862 and 1863, complainant, as administrator of A. L. Horshaw, sold the property of the latter at regular administrator's sale, and, among other things, the negroes and land mentioned above. The land consisted of parts of lots Nos. 13, 20, 21, 12, 44, in the third district of White county. Of this property intestate's widow became the purchaser, and gave complainant her receipt for the same, to be accounted for on a settlement between them. By the results of the late war, the negroes were emancipated, and she has now little, or no other, means of settling her indebtedness, except the land so purchased. From the fact that she never made any settlement with complainant, or paid him any part of the purchase-money for this land, he did not make her any deed or title thereto, but retained the title in himself, until such settlement or payment should be made. This has never been done.

In February, 1866, complainant, as administrator of Moses Horshaw, filed his bill for account and settlement against the heirs of his intestate, in Habersham superior court. This bill, among other things, contained the following allegations : At the sale of the administrators of Moses Horshaw, the land in dispute and a number of negroes were sold to certain purchasers. They, in turn, sold to A. L. Horshaw, complainant's co-administrator, who, by agreement, assumed the indebtedness to the estate. A deed to the land was made by complainant to the purchasers at the

sale, and one from them to said A. L. Horshaw ; both of these were placed in complainant's hands, as escrows, to be delivered upon payment of the purchase-money ; this was never paid. The prayer of the bill was for an account and settlement with each of the heirs of Moses Horshaw who was alive, and with the administrator of A. L. Horshaw, who was a deceased heir. Complainant was, himself, such administrator.

A decree was rendered in this case at the April term, 1867, of Habersham superior court. In it, the estate of A. L. Horshaw was found to be indebted to complainant in the sum of $5,315.64 ; and it was decreed that, if his estate should prove insufficient to pay this debt, then the heirs of Moses Horshaw should make up the deficit.

Sarah E. McClure (formerly Horshaw) has rented the place in dispute for the year in which this bill is filed (1867) to one Miles Smith, who is cultivating the same. A part of the land is valuable for mining purposes, and Mrs. McClure is allowing certain parties to dig and carry away gold therefrom. Complainant prayed as follows :

First, that the parties concerned therein be enjoined from further mining on the place ; second, that Smith be enjoined from paying rent therefor to Mrs. McClure, and she from collecting it ; third, for a full and final settlement between complainant, the estate of Alonzo L. Horshaw and Mrs. McClure, and that the land and any other property of the estate of said Alonzo L. that might be found, should be sold to pay the indebtedness of such estate to complainant ; fourth, for general relief.

Complainant afterwards amended this bill by claiming an equitable lien on the land for purchase money, and adding a prayer that Mrs. McClure be compelled to account for *mesne* profits.

Defendant's answer differed from the above in two particulars : first, she claimed to have received the land in dispute as her portion of the estate of her deceased husband, after having paid all of the expenses of administration ; second,

she denied that the decree in Habersham superior court was binding on the estate of Alonzo L. Horshaw, complainant having been his administrator at the time of its rendition; but if it was binding, the answer alleges that, at that time, there were sufficient assets in complainant's hands to have settled the indebtedness, which he has since wasted or converted.

The jury found the following verdict: "We, the jury, find for the plaintiff, and that the land in dispute belongs to the estate of Moses Horshaw, yet to be administered by the administrator, for distribution, to the heirs and creditors of said estate; and that the injunction be made perpetual."

Mrs. McClure moved for a new trial on the following, among other grounds:

1. Because the court erred in charging as follows: "If you believe that the land mentioned in this bill was bought, and not paid for, by Harris and Deal, and that it went into the possession of Alonzo L. Horshaw, and that he died with it in his possession unpaid for, and that it is still unpaid for, then you ought to decree that it is the property of the estate of Moses Horshaw, to be administered as his estate."

2. Because the court admitted the testimony of complainant, Alonzo L. Horshaw being dead. His evidence corresponded with the allegations of the bill.

3. Because the court admitted in evidence the record in the case from Habersham superior court.

Defendant objected thereto on the ground that complainant was the administrator of both Moses and Alonzo Horshaw, and was, therefore, both complainant and one of the defendants in that case.

The motion was overruled, and Mrs. McClure excepted.

J. F. LANGSTON; C. H. SUTTON, for plaintiff in error.

WIER BOYD; S. M. NETHERLAND; A. F. UNDERWOOD; J. B. ESTES, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant as the adminis-istrator of Moses Horshaw, deceased, against the defendant, who was the widow of said deceased (since intermarried with McClure), praying for an account and settlement in relation to certain described property alleged to be in her possession, under a purchase made by her at the administrator's sale of her deceased husband, under the circumstances therein alleged and set forth, but which had not been paid for by her. On the trial of the case, the jury, under the charge of the court, found the following verdict: "We, the jury, find for the plaintiff, and that the land in dispute belongs to the estate of Moses Horshaw, yet to be administered by the administrator, for distribution to the heirs and creditors of said estate, and that the injunction be made perpetual."

Upon this verdict the chancellor entered a decree, that the complainant, as the administrator of Moses Horshaw, do recover of the defendant, Sarah Horshaw, now Sarah McClure, the premises in dispute, and that the clerk issue a writ of possession for said land, to be administered as the property of Moses Horshaw. The defendant made a motion to set aside the verdict and decree, and for a new trial, on the various grounds alleged therein, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record, that Moses Horshaw was the father of Alonzo; that after his death, the complainant, Williams, and Alonzo, became the administrators on his estate, and, as such administrators, sold the land now in controversy at public sale, which was bid off by Deal and Harris, who never paid a dollar for it. There was an agreement between them and Alonzo, that he was to take their bid, and the administrators made a deed for the land to Harris and Deal, and they made a deed to Alonzo, and all the deeds were turned over to the complainant, Williams, as escrows, to be delivered to Alonzo when he paid for the land, which he never did, although he went

into the immediate possession of it.    Alonzo Horshaw died in 1862, and the complainant, Williams, became his administrator, and, as such, sold the land as the property of Alonzo Horshaw, in 1863, when it was purchased by his widow, Sarah Horshaw, now Mrs. McClure.    She has never paid anything for the land, and no titles were made to her for it, although she remained in possession of the land up to the time of the trial.    At the time she purchased the land, she knew that her former husband, Horshaw, had not paid anything for it.    In view of the facts of the case, can the complainant, either as the administrator of Moses Horshaw, or as the administrator of Alonzo Horshaw, recover the possession of the land from the defendant by the decree of a court of equity, for the purpose of again administering it as the property of either of his intestate's estates?    In our judgment he cannot.    The most that the complainant can now claim as the administrator of either of his intestates, is an equitable lien upon the land in the possession of the defendant, Mrs. McClure, formerly Mrs. Horshaw, for the unpaid purchase money due therefor by her deceased husband, Alonzo Horshaw, at the time of his death, she having purchased the land as the property of her deceased husband, at his administrator's sale, with full knowledge that the land had not been paid for by him, and she not having paid anything for it.    The equitable relief to which the complainant is entitled, is to have the land sold by a decree of the court, and so much of the proceeds thereof as shall be found to have been due for the land by Alonzo Horshaw at the time of his death, be paid to the administrator of Moses Horshaw, and the balance, if any, be paid to the defendant, Mrs. McClure, formerly the widow of Alonzo Horshaw, who was the purchaser of the land as his property after his death, upon final settlement between her and the complainant, as administrator of Alonzo's estate.

The complainant was a competent witness to testify in the case, except as to any contract made between himself and the deceased, Alonzo Horshaw, in relation to the lands

There was no error in admitting in evidence the record of the equity suit in Habersham superior court.

Let the judgment of the court below be reversed.